John Hope, Jr., et als.
vs.                            Eq.No.7561
William H. Hope et als.
March 15, 1926

BAKER, J. Heard on demurrer to the bill.

In this matter the complainants, who claim to be beneficiaries under the will of one John Hope, deceased, are proceeding against the respondents, as executors of his estate and trustees under said will, for an accounting.

The disposition of the matter involves a construction of the will in question.

The respondents do not contest the fact that as trustees they may be liable to an account provided the complainants are in a position to demand one. The fact that they are also executors of said estate, and that the complainants may have certain remedies at law in the probate court, does not, in the judgment of the Court, prevent the complainants from maintaining their bill if there are other grounds of equitable jurisdiction set out. The Court will then consider the whole matter.

The respondents' demurrer is based entirely on the ground that there is no equity in the bill because of the fact that the complainants, according to the provisions of the will of John Hope, a copy of which will is annexed to the bill and made a part thereof, have no such interest in the estate as beneficiaries as to entitle them to compel the respondents to account.

A consideration of the bill and the provisions of the will annexed thereto leads the Court to believe that the respondents' contention is correct as far as the complainants, Milton H. Brooks and Amy Brooks, are concerned. These complainants are the children of one Lucy Brooks, now deceased, who is mentioned in said will. In the opinion of the Court, however, there is no provision in said will which would so constitute the complainants, Milton H. Brooks and Amy Brooks, in any way as beneficiaries so as to allow them to maintain this bill against the respondents for an accounting.

The fourth ground of the respondents' demurrer is therefore sustained.

In regard to the complainants, John Hope, Jr., and Alice M. Hope, the question is more difficult. The will provides that the decedent's estate pass to the two respondents and to the survivor of them, and the heirs, executors, administrators and assigns of such survivor in special trust; first, to hold and manage the same, and after the payment of expenses, and so forth, to pay out of the rents, income, profits and dividends so much as shall be necessary and proper for the support of an invalid daughter, Isabel Hope, for and during the term of her natural life; (the bill alleges that this daughter is now dead); second, to pay over, or for the support and maintenance of the complainants and certain others, as the trustees may deem proper, so

much of the rest and residue of the income as they, the trustees, may in their discretion see fit.

The respondents claim that they have under the terms of the will an absolute and arbitrary discretion as to whether or not they shall pay anything to the complainants, and that, therefore, they have not such an interest in the estate as to entitle them to maintain this bill for an accounting.

The complainants, on the other hand, urge that the powers of the trustees under this provision are not so broad and arbitrary, but that, taking the whole scheme of the will into consideration, they are entitled, at least, to an accounting from the respondents.

The cases most resembling the case at bar appear to be Barbour vs. Cummings, Trustee, 26 R. I. 201, and Dubois vs. Barbour, 27 R. I. 281. The same will was under consideration in both of these cases. This will apparently provided that the trustee in question shall pay out the rents, profits, income and interest, at such times and in such amounts as may, according to the judgment and discretion of the trustee, seem best, not, however, to make a payment at any time exceeding the sum of $10. The Court, in passing upon the provisions of this will in the case of Barbour vs. Cummings, supra, decided that the complainant had such an interest in the fund as to entitle him to an account of what it consisted of and what income it was producing, and that the discretion of the trustee was not an entirely arbitrary one.

The Court after giving the matter careful consideration believes that in the case at bar the discretion given the trustees is not arbitrary and that the complainants, John Hope, Jr., and Alice M. Hope, have such an interest in the estate as to entitle them to maintain this bill for an accounting. The language used in the will involved

in the present case and that referred to in the cases cited does not seem in effect so different as to make those cases distinguishable from the case at bar.

A consideration of the whole will would lead the Court to believe that the plan was to give to the trustees the estate in question, on the trust, however, first, to pay out as much as might be necessary and proper for the support of Isabel Hope during the time of her natural life and to pay over for the support of the other beneficiaries, two of whom are the complainants, so much of the rest and residue of the income as the trustees may in their discretion see fit. It would seem to contemplate the exercise of some reasonable discretion on the part of the trustees and not the giving to them of an arbitrary power over which no one should have any supervision.

The Court is further inclined to this belief by reason of the fact that the will provides that the trustees may sell any real or personal estate, a majority of the beneficiaries assenting in writing. This provision would certainly seem to show the testator's intent to give the beneficiaries, his children, some material interest in his estate.

Further, the trustees are authorized to transfer and make over to any one of said children what would be his or her share in the estate if the testator had died intestate.

It is true that the will provides that the estate shall ultimately go to the survivor of the trustees or at least to his heirs and distributees or to such person as he may appoint. But, taking into consideration the whole will, it would appear that the testator intended to give his children named as beneficiaries in the will, of whom the complainants are two, at least some tangible interest in the estate during the lifetime of said trus-

tees, both of whom are alleged to be now living.

In the judgment of the Court, the complainants, John H. Hope, Jr., and Alice M. Hope, have such an interest as to entitle them to maintain the bill, and as far as they are concerned the respondents' demurrer is overruled.

The fourth ground of the demurrer is sustained.

The other grounds are overruled.

For Complainants: McGovern & Slattery and James E. Brothers.

For Respondent: Joseph H. Coen.